UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROOD ALVAREZ a/k/a RHOCO BENJIE,

                      Plaintiff,        **ORDER TO SHOW CAUSE**
                                                   25-CV-5042(GRB)(SIL)
   -against-

JANE DOE a/k/a "sexygossip123,"

                      Defendant.
---------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

      By way of a Complaint dated August 26, 2025, *pro se* Plaintiff Rood Alvarez a/k/a Rhoco Benjie ("Plaintiff" or "Alvarez") commenced this action against Defendant Jane Doe a/k/a "sexygossip123" ("Defendant" or "Doe") asserting causes of action for defamation, libel *per se*, false light/invasion of privacy, and intentional infliction of emotional distress. *See* Docket Entry ("DE") [1]. Specifically, Alvarez alleges that Doe posted comments on "The Tea App," a social networking website, "falsely claiming Plaintiff is a 'fake artist,' 'seriously broke,' and that 'all that he got on is fake.'" *Id.* Plaintiff claims that these statements are "false and defamatory" and were "published with actual malice and reckless disregard for the truth." *Id.* Contrary to Plaintiff's representation that "[t]his Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including claims related to defamation, harassment, and potential violations of Plaintiff's rights under federal law," DE [1], each of his causes of action arise under state law.

1

Also on August 26, 2025, Alvarez filed a motion for early discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). DE [5]. He seeks to serve a subpoena on The Tea App to obtain the "name, address, email, phone number, and IP logs affiliated with the account holder 'sexygossip123.'" DE [6]. Alvarez claims that, without this information, he "cannot identify or serve Defendant and therefore cannot pursue this case." *Id.* In doing so, however, he implicitly acknowledges that he is unaware of Doe's citizenship and is therefore unable to properly allege the existence of diversity jurisdiction.

It is axiomatic that Federal subject matter jurisdiction requires either adjudication of a question of Federal law or the presence of diversity of citizenship. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332 (conferring Federal jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000). Alvarez's Complaint fails to establish subject matter jurisdiction on either basis, as he neither identifies a federal question to be adjudicated nor alleges that he and Doe are citizens of different states.

By November 2, 2025, Alvarez is Ordered to Show Cause, in writing, why this Court should not recommend that the District Judge dismiss Alvarez's Complaint for lack of subject matter jurisdiction. *See In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (holding that a Court must dismiss an action "on its own initiative" pursuant to Rule 12(h)(3) if it determines that it lacks subject matter

jurisdiction "because the limited subject-matter jurisdiction of the federal courts is a restraint on judicial power"); *Chery v. Law Office of Felix Kozak*, No. 11-CV-3471(SJF)(WDW), 2011 WL 4056069, at *1 (E.D.N.Y. Aug. 28, 2011) ("Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*."). A failure to respond by November 2, 2025, or to adequately demonstrate that subject matter jurisdiction exists, will result in a Report and Recommendation to the District Judge that Plaintiff's Complaint be dismissed without prejudice for lack of subject matter jurisdiction. A copy of this Order to Show Cause is being sent to Plaintiff at his address on record via First-Class mail on the date below.

Dated:  Central Islip, New York  **SO ORDERED.**
        October 22, 2025

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

3