UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROOD ALVAREZ, also known as RHOCO BENJIE,

                              Plaintiff,

          -against-

JANE DOE, also known as "sexygossip123",

                              Defendant.
------------------------------------------------------------------X

**FILED**
**CLERK**
11/13/2025 1:23 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ORDER
25-CV-5042 (GRB)(SIL)

**GARY R. BROWN, United States District Judge:**

By Order dated October 7, 2025 (the "Order"), the Court denied the application to proceed *in forma pauperis* filed by Rood Alvarez, also known as Rhoco Benjie ("Plaintiff"), acting *pro se*, without prejudice and with leave to renew within two weeks therefrom. *See* Docket Entry ("DE") 9-10. The Order also apprised Plaintiff that, alternatively, he could remit the filing fee by that date and cautioned that Plaintiff's failure to timely comply would result in the dismissal of his complaint without prejudice. *See* DE 10 at 1-2. Having received no response, by Order to Show Cause dated October 22, 2025, Magistrate Judge Locke directed Plaintiff to, by November 2, 2025, demonstrate that subject matter jurisdiction lies in this Court. DE 11. Both Orders were mailed to Plaintiff at his address of record and neither has been returned to the Court as undeliverable. To date, Plaintiff has not complied with the Court's Orders, nor has he otherwise communicated with the Court about this case. Accordingly, the Complaint is dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(h)(3).

### I.    Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 01 (2d Cir. 2000).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See* FED. R. CIV. P. 12(h)(3); *see also Lussier*, 211 F.3d at 701. This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

Plaintiff seeks to invoke this Court's subject matter "jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including claims related to defamation, harassment, and potential violations of Plaintiff's rights under federal law." (DE 1 at 1.) However, the complaint asserts no federal cause of action. (*Id.*, *in toto*). Rather, Plaintiff brings purely state law claims for defamation, libel *per se*, false light/invasion of privacy, and intentional infliction of emotional distress and alleges that the Defendant, Jane Doe a/k/a "sexygossip123" posted false and disparaging statements on a social networking website "The Tea App." (*Id.* at 2.) Thus, there is no basis to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

In an abundance of caution given Plaintiff's *pro se* status, the Court has considered whether diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 ("Section") lies in this Court. Section 1332 requires both diversity of citizenship and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332; *Perry v. Robles*, 23-CV-7492, 2023 WL 6881993, at *2 (S.D.N.Y. Oct. 16, 2023) ("To establish the court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States. . . . The plaintiff must also allege to a 'reasonable probability' that his or her claims are in excess of the sum or value of $75,000,

the statutory jurisdictional amount." (citing *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (cleaned up) (additional citation omitted).

As is readily apparent, Plaintiff's allegations do not establish that the diversity requirement is met because he has not alleged the domicile of any party, including himself. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) ("residence alone is insufficient to establish domicile for jurisdictional purposes") (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)); *accord Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[I]t is well-established that allegations of residency alone cannot establish citizenship . . . ."). Given that Plaintiff has not provided facts regarding his or the Defendant's domicile, and because allegations of residency alone are insufficient to establish diversity jurisdiction, this Court's diversity subject matter jurisdiction may not be invoked. *SBL Enterprises LLC v. Keystone Cap. Corp.*, No. 21-CV-4459, 2021 WL 2000365, at *3 (S.D.N.Y. May 19, 2021) (collecting cases) (*Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (finding that plaintiffs failed to allege diversity in complaint because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"); *Jordan v. Verizon Corp.*, No. 08 Civ. 6414(GEL), 2008 WL 5209989, at *4 (S.D.N.Y. Dec. 10, 2008) (finding that plaintiff did not properly allege diversity of citizenship where she "d[id] not make a proper allegation as to her own citizenship" and "allege[d] only residency - not citizenship").

Having been afforded an opportunity to establish this Court's subject matter jurisdiction and declining to respond to the Orders, the complaint is now dismissed without prejudice

3

pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff may pursue any valid claims he may have against the Defendant in state court.[1]

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown

Dated:    November 13, 2025  
           Central Islip, New York

**Hon. Gary R. Brown**  
**United States District Judge**

---

[1] Notably, Plaintiff appears to be aware of the jurisdictional bar, alleging in his complaint: "[I]f this Court determines federal jurisdiction is not available, Plaintiff reserves the right to refile in New York State Supreme Court, which has general jurisdiction over civil matters, including defamation." (DE 1 at 1.)